(August 4, 1923.)

## J. M. MONTGOMERY, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, a Corporation, Appellant.

[217 Pac. 601.]

RAILROAD FENCES—INCLOSED LANDS—CULTIVATED FIELDS.

> In an action to recover damages from a railroad company for the killing of domestic animals due to its failure to fence its right of way as required by C. S., sec. 4814, claimant must show that the lands which he claims are required to be fenced are in such condition and so situated as to make the railroad company liable.

**Publisher's Note.**

Private action for violation of statutory duty to fence right of way, see notes in 9 L. R. A., N. S., 347; L. R. A. 1915E, 539.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. W. F. McNaughton, Judge.

Action for damages for stock killed on right of way. Judgment for plaintiff. *Reversed* and *remanded*.

J. F. Ailshie and George W. Korte, for Appellant.

The presumption permitted in *Patrie v. Oregon S. L. R. Co.*, 6 Ida. 448, 56 Pac. 82, that it may be presumed animals came upon the track at the point where killed, does not have the weight of evidence, and is entirely obliterated by the merest *prima facie* evidence. (*Peters v. Lohr*, 24 S. D. 605, 124 N. W. 853.)

In order for a plaintiff to recover damages under C. S., sec. 4814, for the killing of cattle on a railroad track, it is necessary for the plaintiff to show that the cattle got upon the track at a point where the statute makes it necessary for the company to maintain a fence. (*Bernardi v. Northern Pac. Ry. Co.*, 18 Ida. 76, 108 Pac. 542, 27 L. R. A., N. S., 796; *Bliss v. Oregon S. L. Ry. Co.*, 34 Ida. 351, 200 Pac. 721.)

William D. Keeton, for Respondent.

The plaintiff has offered evidence on all material allegations of the complaint except such as are admitted, and the following authorities sustain the plaintiff's right to recover under the facts proved: C. S., sec. 4814; *Patrie v. Oregon S. L. R. Co.*, 6 Ida. 454, 56 Pac. 82; *Bernardi v. Northern Pac. Ry. Co.*, 18 Ida. 76, 108 Pac. 542, 27 L. R. A., N. S., 796; *Bliss v. Oregon S. L. R. Co.*, 34 Ida. 351, 200 Pac. 721; *Saccamonno v. Great Northern R. Co.*, 30 Ida. 513, 166 Pac. 267; *Monical v. Northern Pac. R. Co.*, 19 Ida. 150, 112 Pac. 764; *Brown v. Oregon S. L. R. Co.*, 20 Ida. 364, 118 Pac. 768; *Bartlett v. Smith*, 1 Neb. Unof. 328, 95 N. W. 661; *Pattison v. Hines*, 93 N. Y. Supp. 1071, 105 App. Div. 1082; *Eames v. Armstrong*, 136 N. C. 392, 48 S. E. 769; *Richard-*

*son v. Augustine,* 5 Okl. 667, 49 Pac. 930; *Gibbert v. Washington Water Power Co.,* 19 Ida. 637, 115 Pac. 924.

The damaged land is situated in Kootenai county; therefore the action was properly brought here. (C. S., sec. 6166; *Dunkhouse v. Spring Valley Water Co.,* 80 Cal. 308, 22 Pac. 252; *Thayer v. Brooks,* 17 Ohio, 489, 49 Am. Dec. 474; *City of Santa Rosa v. Fountain Water Co.,* 138 Cal. 579, 71 Pac. 1123; *Lower Kings Co. v. Kings River Co.,* 60 Cal. 408; *Yolo Water Co. v. Adamson,* 22 Cal. App. 493, 135 Pac. 48.)

Mere convenience of witnesses alone would not justify a change of venue unless there be coupled with it a finding that the ends of justice would be promoted by the change. (C. S., sec. 6666; *Simanton v. Moore,* 65 N. J. L. 530, 51 Atl. 621; *Duche v. Buffalo Grape Sugar Co.,* 11 Abb. N. C. (N. Y.) 233; *Bird v. Utica Mining Co.,* 2 Cal. App. 672, 86 Pac. 509.)

DUNN, J.—After alleging that the line of railroad of appellant runs from the city of Avery in a westerly direction through, along and adjoining cultivated fields, and that the line of the railroad where the injury complained of occurred is along, through and adjoining cultivated fields and inclosed fields that had been fenced by lawful fences or any fence as the law required, the complaint alleges "That by reason of the failure of defendant company to construct and maintain proper and lawful fences along its said right of way two heifers of the plaintiff, of the value of One Hundred ($100.00), then and there the property of the plaintiff, did, on the twenty-sixth day of May, 1921, stray upon the said track of the said company at a point near Herrick, Idaho, and adjoining cultivated fields which had not been fenced as aforesaid, and on said day and date the employees, agents and servants of the said defendant were operating a train consisting of engine and cars upon and over said track and at a point near Herrick, Idaho, carelessly and negligently run said train in, over and upon the said two heifers of the plaintiff's, then and there killing said animals and inflicting

an injury on them from which they died, to this plaintiff's damage in the sum of One Hundred ($100.00) Dollars.''

Respondent also claimed his attorney's fees of $75.

The jury returned a verdict in favor of respondent for $175, and judgment therefor was accordingly entered, from which the appeal was taken.

Appellant moved for a nonsuit at the close of respondent's case, which was denied, and at the close of its case moved for a directed verdict, which the court denied.

We think the court erred in refusing to direct a verdict for appellant. Respondent attempted to show both inclosed land and cultivated field at the point where the animals were killed. But there is no evidence of an inclosure along the right of way which would require appellant to fence, and if it be conceded that there is any evidence at all of a cultivated field it is so extremely indefinite and uncertain as to be insufficient to support a verdict and judgment. The place at which the animals were killed being known to respondent, and the location of the track and the boundaries of the right of way being certain, we can see no reason why, if there was a cultivated field or inclosed land at the place claimed by respondent, his evidence should not have been definite and certain upon that point, so that not only the jury, but one examining the record, would be able to say that there was such a field at the place definitely located by the evidence. It is not sufficient under this statute (C. S., sec. 4814) to show that there is agricultural land, or valley land, or bottom land along the track, nor that crops of various kinds are grown ''in that vicinity where these cattle were'' or ''in the immediate vicinity of that place.'' If a cultivated field is relied upon it must be one right alongside of, or in close proximity to, the right of way, or one through which the right of way extends, and if reliance is had upon an inclosed field or inclosed lands, the owner must bring his fence up to the right of way. While the railroad company should be held to a strict compliance with the requirement to fence its right of way at places designated in said section, it is only fair to require that one claiming damages against

a railroad company for the violation of said section should show that the lands which he claims are required to be fenced are in such condition and so situated as to make the railroad company liable.

Complaint is made of instruction No. 3 as given by the court. In this instruction were included those provisions of the statute with regard to cattle-guards and crossings, which had no application to the issues in the case at bar. While probably not hurtful to appellant, the instruction was still erroneous in the particular mentioned.

Instruction No. 6, of which complaint is made, we think, was improperly given, in view of the fact that there was evidence from which the jury might determine where the animals came on to the railroad track. There being evidence upon this point, there was no occasion to instruct the jury what the presumption would have been if there had been no evidence upon the point.

For the insufficiency of the evidence as pointed out the judgment of the trial court is reversed and the cause remanded. Costs to appellant.

McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.